■ In the Matter of the Claim of HYMAN GALITZER, Respondent. EDWARD CORSI, as Industrial Commissioner, Appellant.— This is an appeal by the Industrial Commissioner from that part of a decision of the Unemployment Insurance Appeal Board which overruled an initial determination of the commissioner holding that claimant made willful false statements or representations to obtain unemployment insurance benefits, and which imposed a forfeiture for 24 effective days pursuant to section 594 of the statute. Claimant filed an original claim for benefits effective January 12, 1953. The Industrial Commissioner made a determination that claimant was unavailable for employment commencing February 10, 1953, or, in the alternative, that he was not totally unemployed commencing on that date. As a result of this finding an overpayment charge was made against claimant in the sum of $90. The commissioner also determined that claimant made false statements or representations to obtain benefits on February 17, February 24 and March 3, 1953, and a forfeiture of benefits for 24 effective days was imposed. The finding of false representations was made upon the premise that claimant failed to disclose the following facts. After his last employment on January 9, 1953 he entered into a partnership agreement with another individual. They began looking for a place in which to conduct their business about February 10, 1953. A certificate for conducting business under an assumed name was filed by them on February 12, and five days later they executed a lease of certain premises for a period of one year. A written partnership agreement between them was executed on February 27 and each of the partners contributed the sum of $2,000 to the proposed business. None of these facts were disclosed to the unemployment insurance authorities. After a hearing before a referee the initial determinations of the Industrial Commissioner were reversed. The board in turn reversed that portion of the referee's decision which held that claimant was totally unemployed and available for employment commencing February 10, 1953, and was not overpaid $90 in benefits, but sustained that portion which held that claimant did not make willful false statements or representations in order to obtain benefits. In that connection the board said: " Claimant made no affirmative statement with regard to his partnership venture, which was to commence in the future. The mere failure to disclose this information, standing by itself, is not the equivalent of wilfully making a false statement which alone justifies the imposition of the penalty prescribed by statute." The commissioner argues that by this decision the board has held as a matter of law that a failure to disclose material information cannot form the basis for a determination that claimant made a false statement or representation to obtain benefits. We do not construe the decision of the board so broadly. It was necessarily limited to the facts of this claim, and thus was a factual determination and not the statement of any principle of law. Of course, a fraudulent representation may be implied by silence when there is a duty to speak, but whether silence amounts to a willful misrepresentation is dependent upon the facts of the situation and the intent of the party who fails to speak. On this issue all that the board has done in this case is to find factually that claimant was not guilty by reason of his silence of making a false representation. Decision affirmed, without costs except as hereinafter indicated. In connection with this matter counsel for claimant was assigned by this court to represent the claimant on this appeal, pursuant to paragraph (e) of sub-

division 1 of section 538 of the Unemployment Insurance Law (Labor Law, art. 18). A fee for such services is fixed at the sum of $150 and counsel is allowed necessary printing and other disbursements not to exceed the sum of $50. An order may be entered accordingly. Foster, P. J., Bergan, Coon, Zeller and Gibson, JJ., concur.